IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Altony Brooks, #313000, | ) CIVIL ACTION NO.  9:15-3989-PMD-BM |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Major Stephone, NFN Johnson, | ) |
| Cpl. Bethea, Lt. Anthony Davis, Cpl. Bell, | ) |
| Sgt. Ramsey, Ofc. Jonas, Sgt. Gibbs, | ) |
| NFN. Smith and Warden Davis, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC), alleges violations of his constitutional rights by the named Defendants.  Specifically, Plaintiff complains about being without "hygiene property" and clean clothing during a period of time he spent in "lockup", during which he was also not provided with a mattress and did not have either a blanket or sheet for sleeping even though it was "freezing" in his cell.   Plaintiff alleges that these conditions of confinement caused him to suffer pain in his hips, neck, spine and back.  See generally, Verified Complaint.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on October 3, 2016.  As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on October 4, 2016, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response.  Plaintiff was specifically advised that if he

– 1 –



failed to file an adequate response, the Defendants' motion may be granted, thereby ending his case. However, despite having been granted two extensions of time to respond to the Defendants' motion, Plaintiff failed to timely file a response to the motion for summary judgment, which has been pending for over three months. Plaintiff has, however, now filed an out of time response, which (in light of Plaintiff's pro se status) the undersigned has considered in ruling on Defendants' motion.

Defendants' motion is now before the Court for disposition.[1]

### Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



fact where none exists. <u>Weller v. Dep't of Social Services</u>, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the Defendants' motion and the docket of this case, the undersigned finds and concludes for the reasons set forth hereinbelow that the Defendants are entitled to summary judgment.

## I.

With respect to Plaintiff federal claims, the Defendants have presented evidence to show that Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Through the enactment of this statute, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001); <u>see Porter v. Nussle</u>, 534 U.S. 516 (2002); <u>Larkin v. Galloway</u>, 266 F.3d 718 (7th Cir. 2001) [exhaustion required even though plaintiff claimed he was afraid]; <u>see also</u> <u>Claybrooks v. Newsome</u>, No. 00-7079, 2001 WL 1089548 (4th Cir. Sept. 18, 2001) (unpublished opinion) [applying <u>Booth v. Churner</u> to affirm district court's denial of relief to plaintiff]. Accordingly, before Plaintiff may proceed on his federal claims in this Court, he must first have exhausted the administrative remedies that were available to him at the prison.

Under the SCDC grievance procedure, in order to exhaust a conditions of confinement claim within the SCDC, the inmate must first make an effort to informally resolve his grievance by submitting a Request to Staff Member form to the appropriate supervisor/staff within eight (8) working days of the incident. Then, if informal resolution is not possible, the inmate must



submit a Step 1 grievance form setting out his complaint to the Warden, and if the inmate is unsuccessful at the Step 1 level, he must then appeal by filing a Step 2 appeal. Only after an inmate has received a response to his Step 2 appeal is his claim deemed exhausted. See SCDC Inmate Grievance System Procedures, GA-01.12 (May 12, 2014), Nos. 13.1 through 13.10;[2] see also Branton v. Ozmint, No 08-2306, 2009 WL 1457144, at * 2 (D.S.C. May 22, 2009); Jones v. Kay, No. 07-3480, 2007 WL 4292416, at * 5 (D.S.C. Dec. 5, 2007); Jenkins v. South Carolina Dept. of Corrections, No. 05-2800, 2006 WL 1083563, at * 5 (D.S.C. Apr. 18, 2006).

The Defendants have the burden of showing that Plaintiff failed to exhaust his administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; Jones v. Bock, 549 U.S. 199 (2007). To meet this burden, the Defendants have submitted a sworn affidavit from Lesia Johnson, the Inmate Grievance Coordinator at the Lee Correctional Institution (LCI), attesting to Plaintiff's grievance history, and in particular with respect to the claims Plaintiff is asserting in this lawsuit. Johnson attests that Plaintiff did file a grievance (LEECI 2376-13) in which he raised issues relating to not receiving property while in lockup and not being provided with bedding, but that this grievance was returned

---

[2] Found at www.doc.sc.gov/pubweb/policy/GA-01-12.htm1471298422889.pdf. The court may take judicial notice of factual information located in postings on government websites. See Hall v. Virginia, 385 F.3d 421, 423 at n. 3 (4th Cir. Sept. 22, 2004) [Taking judicial notice of information publicly available on official government website; Tisdale v. South Carolina Highway Patrol, No. 09-1009, 2009 WL 1491409 at * 1 n. 1 (D.S.C. May 27, 2009), aff'd, 347 Fed. Appx. 965 (4th Cir. Aug. 27, 2009); In re Katrina Canal Breaches Consolidated Litigation, No. 05-4182, 2008 WL 4185869 at * 2 (E.D. La. September 8, 2008) [noting that courts may take judicial notice of governmental websites including other courts' records]; Williams v. Long, No.07-3459-PWG, 2008 WL 4848362 at *7 (D. Md. November 7, 2008) [noting that some courts have found postings on government websites as inherently authentic or self-authenticating].



– 4 –

to him because Plaintiff had failed to make an effort to informally resolve his grievance by submitting a Request to Staff Member form as required by SCDC policy. Johnson attests that Plaintiff was given five days to resubmit a new grievance, but that Plaintiff failed to ever re-file a grievance with respect to these claims. Johnson has also attached to her affidavit a copy of Plaintiff's Step 1 grievance, the text of which (both Plaintiff's claim and IGC response) supports the statements in her affidavit.

   Plaintiff has presented no evidence, or even argument, to dispute the evidence submitted by the Defendants that he failed to exhaust his administrative remedies with respect to his claim.[3] Specifically, he has submitted nothing to dispute the evidence or other filings before this Court showing that he failed to properly initiate his grievance through the filing of a Request to Staff form, nor is there any dispute in the evidence that Plaintiff never filed a Step 2 grievance appeal or any other type of appeal of the dismissal of his Step 1 grievance. See generally, Jordan v. Miami-Dade County, 439 F.Supp.2d 1237, 1241-1242 (S.D.Fla. 2006)[Remedies not exhausted where inmate did not appeal denial]; cf. Blakely v. Tatarsky, No. 08-3609, 2009 WL 2922987 at * 5 (D.S.C. Sept. 1, 2009)["It appears, however, that the plaintiff did nothing after the grievance(s) were

---

[3]Although not part of his brief opposing summary judgment, Plaintiff does state in his verified complaint that he received a final agency/departmental/institutional answer or determination with respect to his grievance on October 28, 2013. However, he has not provided a copy of any Step 2 grievance appeal he filed with respect to this grievance or any other evidence to support the statement in his Complaint that he received a final determination on this grievance, and even apparently now concedes in his response brief that he did not exhaust his administrative remedies. See Harvey v. City of Philadelphia, 253 F.Supp.2d 827, 829 (E.D.Pa. 2003) [Summary judgment granted where Plaintiff claimed to have exhausted administrative remedies, but did not present any evidence to challenge defendants' evidence that he did not pursue his administrative remedies]; see also King v. Flinn & Dreffein Eng'g Co., No. 09-410, 2012 WL 3133677, at * 10 (W.D.Va. July 30, 2012)[Finding no genuine issue of material fact where only evidence was "uncorroborated and self-serving testimony"], citing Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).



returned as either unprocessed or denied. . . . Whether or not the plaintiff now has some legitimate

argument as to why his grievances should have been processed is immaterial. He did not proffer that

same argument to the defendants, as far as the Court has been informed. It cannot be said, in this

case, that administrative remedies were simply unavailable to him."]; see also Sullivan v. Coleman,

No. 06-1588, 2006 WL 3759757, * 6 (D.S.C. Dec. 18, 2006)[Finding that inmate abandoned

grievance where he failed to properly complete and return Step 2 Inmate Grievance Appeal Form];

Williams v. Reynolds, No. 12-138, 2013 WL 4522574 at * 4 (D.S.C. Aug. 27, 2013) [Noting that

"even if Plaintiff did file a Step 1 grievance there is no evidence that Plaintiff filed a Step 2

grievance or otherwise appealed the decision not to process the Step 1 grievance."]. Indeed, Plaintiff

appears to concede in his response brief that he did not exhaust his administrative remedies, and

instead proceeds to discuss various state law claims he is asserting under the South Carolina Tort

Claims Act and asks that those claims continue to be litigated in this federal court even if his federal

claims are dismissed.

Hence, Plaintiff has failed to establish a genuine issue of fact through evidence

presented to this Court that he exhausted his grievance remedies in this case. Allowing a prisoner

to bring an inmate lawsuit without fully exhausting his administrative remedies prevents prison

officials from having the opportunity to address the prisoner's complaints through the administrative

process, thereby undermining Congress' directive that prisoners are required to do so prior to filing

a complaint in federal court. Jones, 549 U.S. at 204 ["Requiring exhaustion allows prison officials

an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled

into court"]; see also Jamison v. Wright, No. 11-2578, 2012 WL 3764031 at * 3 (D.S.C. June 29,

2012). Therefore, Plaintiff's federal claims are subject to dismissal for failure of the Plaintiff to



exhaust his administrative remedies. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000)["It is beyond the power of this court - or any other to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."](quoting Beeson v. Fishkill Corr. Facility, 28 F.Supp. 2d 884, 894-895 (S.D.N.Y. 1998)); Malik v. Sligh, No. 11-1064, 2012 WL 3834850, at * 4 (D.S.C. Sept. 4, 2012) ["A court may not consider, and must dismiss, unexhausted claims"]; Porter, 534 U.S. at 516 [exhaustion required for all actions brought with respect to prison conditions]; Spruill v Gillis, 372 F.3d 218, 227-232 (3d Cir. 2004) [Discussing necessity of pursuing all administrative remedies to the end]; Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies]; see also Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must pursue the administrative remedy or be precluded from seeking relief in the courts"].

## II.

Liberally construed, Plaintiff's pleading also asserts some pendant state law causes of action, although it is unclear what specific state law claims may be being asserted. In any event, the Defendants seek dismissal of any pendant state law claims set forth in the Complaint, while (as noted), Plaintiff asks that his state law claims continue to be prosecuted in this case even if his federal claims are dismissed. However, pendant jurisdiction would be necessary to retain Plaintiff's state law claims, as § 1983 does not provide a separate jurisdictional basis for retaining any such claims. See DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 200-203 (1989) [§ 1983 does not impose liability for violations of duties of care arising under state law]; Baker v. McClellan, 443 U.S. 137, 146 (1976) [§ 1983 claim does not lie for violation of state law duty of



care]; <u>see</u> <u>also</u> <u>Paul v. Davis</u>, 424 U.S. 693, 701 (1976) [not every claim which may set forth a cause of action under a state tort law is sufficient to set forth a claim for a violation of a constitutional right].

Therefore, since Plaintiff's federal claims are recommended for dismissal, Plaintiff's remaining state law claims should all be dismissed under <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715 (1966), and its progeny.  <u>See</u> <u>In Re</u> <u>Conklin</u>, 946 F.2d 306, 324 (4th Cir. 1991); <u>Nicol v.</u> <u>Imagematrix, Inc.</u>, 767 F.Supp. 744, 746, 749 (E.D.Va. 1991); <u>Mills v. Leath</u>, 709 F.Supp. 671, 675-676 (D.S.C. 1988); <u>Carnegie-Melon v. Cohill</u>, 484 U.S. 343 (1988); <u>Taylor v. Waters</u>, 81 F.3d 429, 437 (4th Cir. 1996). <u>Gibbs</u> provides that where federal claims in a lawsuit originally filed in United States District Court are dismissed, leaving only state law causes of action, dismissal of the remaining state law claims without prejudice is appropriate in order to allow the Plaintiff to pursue and obtain a ruling as to the viability of his state laws in a more appropriate forum.  <u>See</u> <u>generally</u>, <u>Gibbs</u>, 383 U.S. at 726 ["Certainly, if the federal claims are dismissed before trial, ... the state claims should be dismissed as well"]; <u>Carnegie–Mellon</u>, 484 U.S. at 350, n. 7 ["[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine ... will point toward declining to exercise jurisdiction over the remaining state law claims."].[4]  Further, if Plaintiff's state law claims were to survive summary judgment, it would be much more appropriate for those claims to be tried by the state courts.

---

[4]Plaintiff could, of course, maintain his state claims in this court if there was diversity jurisdiction in this case . <u>See</u> 28 U.S.C. § 1332(a).  However, all of the parties are alleged to be South Carolina residents.  <u>See</u> Court Docket No. 1, pp. 1-2. Therefore, diversity jurisdiction is not available.



Finally, dismissal of Plaintiff's state law claims would also not prejudice the Plaintiff, as federal law provides for tolling of statutes of limitation for state claims during the period they were pending in federal court and for thirty days afterwards. See 28 U.S.C. § 1367(d); Jinks v. Richland County, 538 U.S. 456 (2003); Hedges v. Musco, 204 F.3d 109, 123–124 (3rd Cir. 2000); Beck v. Prupis, 162 F.3d 1090, 1099–1100 (11th Cir.1998) ["a dismissal under section 1367 tolls the statute of limitations on the dismissed claims for 30 days"]. Therefore, Plaintiff would be able to refile his state claims in state court, if he chooses to do so, assuming of course that they were timely asserted initially through the filing of this action.

### Conclusion

Based on the foregoing it is recommended that the Defendants' motion for summary judgment be **granted**, and that Plaintiff's federal claims be **dismissed,** without prejudice on the basis of failure to exhaust administrative remedies. Malik v. Sligh, 2012 WL 3834850 at * 4. Plaintiff's remaining state law causes of action should then also be **dismissed**, without prejudice. Plaintiff may then refile his state law claims in state court, if he chooses to do so. Seabrook v. Jacobson, 153 F.3d 70, 72 (2d Cir. 1998)["Section 1367(d) ensures that the plaintiff whose supplemental jurisdiction is dismissed has at least thirty days after dismissal to refile in state court."].

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

January 11, 2017
Charleston, South Carolina

– 9 –



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



– 10 –
