# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Altony Brooks, # 313000, ) | |
| ) | |
| Plaintiff, ) | C.A. No.: 9:15-cv-3989-PMD-BM |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Major Stephone, NFN Johnson, Cpl. ) | |
| Bethea, Lt. Anthony Davis, Cpl. Bell, ) | |
| Sgt. Ramsey, Ofc. Jonas, Sgt. Gibbs, ) | |
| NFN Smith, and Warden Davis, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on Plaintiff Altony Brooks' objections to Magistrate Judge Bristow Marchant's Report and Recommendation ("R & R") (ECF Nos. 49 & 43). The Magistrate Judge recommends that the Court grant Defendants summary judgment on Brooks' federal claims and decline to exercise jurisdiction over Plaintiff's state-law claims.

## STANDARD OF REVIEW

The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the R & R within fourteen days after being served with a copy of it. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and the Court may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may receive more evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to

accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

In reviewing the R & R and Brooks' objections, the Court is mindful that *pro se* filings are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and federal district courts must construe such pleadings liberally to allow the development of potentially meritorious claims, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam). The liberal construction requirement, however, does not mean courts can ignore a clear failure to allege facts that set forth claims cognizable in federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

Brooks' sole objection is a conclusory, two-line statement that he disagrees with the portion of the R & R addressing his state-law claims. The Court overrules that improper objection. *See, e.g.*, *Anderson v. Dobson*, 627 F. Supp. 2d 619, 623 (W.D.N.C. 2007) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution . . . is not an 'objection' as that term is used in this context." (citation and quotation marks omitted)). The Court has carefully reviewed the R & R for clear error. Seeing none, the Court adopts the Magistrate Judge's recommendation. Defendants' summary judgment motion (ECF No. 30) is therefore **GRANTED**.

Brooks asks the Court to order Defendants to provide him a copy of his complaint so that he can file it in state court. The request is unwarranted and is therefore **DENIED**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**March 24, 2017**
**Charleston, South Carolina**

2